# EXHIBIT A

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
TED DAVISON, WILLIAM GOULD, and RAY :
LENCI, Individually and on Behalf of All Others :       13 Civ.3119 (RMB)
Similarly Situated                              :
                      Plaintiffs,               :
                                                :       **ORDER**
          -against-                             :
                                                :
VENTRUS BIOSCIENCES, INC., DR. RUSSELL :
H. ELLISON, DAVID BARRETT, and                  :
NATIONAL SECURITIES CORPORATION,                :
                      Defendant.                :
------------------------------------------------------------X

> USDC SDNY
> DOCUMENT
> ELECTRONICALLY FILED
> DOC #: _____
> DATE FILED: 7/23/13

     Having reviewed the record herein, including, without limitation, **(i)** the Complaint filed on May 9, 2013 by Ted Davison, William Gould, and Ray Lenci ("Davison Complaint") commencing a securities (class) action pursuant to Section 10(b) and 20(a) of the Securities and Exchange Act of 1934, as amended, 15 U.S.C. §§ 78j(b) and 78t(a), and Rule 10b-5 promulgated thereunder, 17 C.F.R. § 240.10b-5, against Ventrus Biosciences Inc. ("Ventrus"), Dr. Russell H. Ellison, Ventrus' Chairman, Chief Executive Officer, and Chief Medical Officer, David Barrett, Ventrus' Chief Financial Officer and Accounting Officer, and National Securities Corporation, individually and on behalf of all persons who purchased or otherwise acquired the publicly traded common stock of Ventrus between December 17, 2010 and June 25, 2012 (Complaint, dated May 9, 2013, at 22, 25); **(ii)** the (substantially similar) Complaint filed on May 21, 2013 by Michael Bartlett ("Bartlett Complaint"); **(iii)** the July 8, 2012 Ventrus Investor Group's ("Ventrus Group") Application in Support of the Ventrus Group's Motion for Consolidation, Appointment as Lead Plaintiff, and Approval of Scott+Scott, Attorneys at Law, LLP as Lead Counsel which is composed of Ted Davison, who claims a $14,247.00 loss, William Gould, who claims a $10,917.00 loss, Ray Lenci, who claims a

$97,986.84 loss, Kevin Johnson, who claims a $109,323.55 loss, Gerald Gillett, who claims a $80,912.51 loss, and Marc Naddell, who claims a $129,326.51 loss (Ventrus Grp. Mot. for Consolidation, Appointment as Lead Pl., and for Approval of Scott + Scott, Attorneys at Law, LLP as Lead Counsel, ("Ventrus Application") dated July 8, 2013 at Ex. 3); **(iv)** the July 8, 2012 application of Dr. and Mrs. Thomas P. Alderson in support of their Motion to be Appointed Lead Plaintiff and claiming a $210,500.28 loss ("Alderson Application") ("Mot. of Thomas P. Alderson and Doris C. Alderson to Consolidate Related Actions; to be Appointed Lead Pl.; and to Approve Proposed Lead Pl.'s Choice of Counsel, dated July 8, 2013 at Ex. C); **(v)** the Ventrus Group's July 12, 2013 Opposition to the Competing Lead Plaintiff Motions;[1] **(vi)** the Aldersons' July 12, 2013 Opposition to all Competing Motions for Appointment as Lead Plaintiff; **(viii)** the July 17, 2013 hearing on the issue of appointment of lead plaintiff, lead counsel, and consolidation; and applicable legal authorities **the Court hereby consolidates the Davison Complaint and the Bartlett Complaint, appoints the Aldersons as lead plaintiffs, and appoints Kahn, Swick & Foti, LLC as (sole) lead counsel, for the following reasons:**

1. Consolidation of the Davison and Bartlett Complaints is appropriate because the claims clearly involve common questions of law or fact. See Fed. R. Civ. P. 42(a); Johnson v. Celotex Corp., 899 F.2d 1281, 1284 (2d Cir. 1990) ("Rule 42(a) of the Federal Rules of Civil Procedure empowers a trial judge to consolidate actions when there are common questions of law or fact to avoid unnecessary costs or delay.") As noted, the Davison and

---

[1] Two other applications for appointment as lead plaintiff were filed on July 8, 2013 by Dennis Levin and the Brown Investor Group, respectively. Both applications have been withdrawn. (See Levin Withdrawal of the Lead Plaintiff Motion, dated July 18, 2013, at 2; Brown Investor Group Withdrawal of the Lead Plaintiff Motion, dated July 12, 2013, at 2.)

2

Bartlett Complaints are virtually identical. And, all parties favor consolidation. (Alderson Application at 5; Letter from Scott S. Balber to the Hon. Richard M. Berman, dated July 12, 2013, at 1; Letter from Martin J. Murray to the Hon. Richard M. Berman, dated July 12, 2013, at 1.)

2. The Court appoints the Aldersons as lead plaintiff and their counsel, Kahn, Swick, & Foti, LLC, as lead counsel. The Aldersons, in the Court's view, best meet the requirements of the Private Securities Litigation Reform Act ("PSLRA") in that: (1) they timely filed their motion to be appointed lead plaintiff, (Alderson Application at 7; 15 U.S.C. § 78u-4 (a)(3)(A)(i),(B)(iii)(1)(aa)); (2) Dr. and Mrs. Alderson have the largest financial interest in the relief sought by the class, (Alderson Application 7,8; 15 U.S.C. § 78u-4 (a)(3)(B)(1)(bb)); and (3) the Aldersons satisfy the requirements of Rule 23 of the Federal Rules of Civil Procedure, (Alderson Application at 7,10; 15 U.S.C. § 78u-4 (B)(iii)(1)(cc)).

3. Married couples, such as Dr. and Mrs. Alderson, who jointly own stock and share losses, are treated as an individual when selecting lead plaintiff. See In re McDermott Int'l, Inc., Secs. Litig., No. 08 Civ. 9943, 2009 U.S. Dist. LEXIS 21539 at *13 (S.D.N.Y. Mar. 6, 2009).

4. Courts examine several factors to determine which plaintiff has the largest "financial interest," including "(1) the number of shares purchased; (2) the number of net shares purchased; (3) total net funds expended by the plaintiffs during the class period; and (4) the approximate losses suffered by the plaintiffs." In re CMED Sec. Litig., No. 11 Civ. 9297, 2012 U.S. Dist. LEXIS 47785, at *9 (S.D.N.Y. Apr. 2, 2012) (quoting Lax v. First Merchants Acceptance Corp., No. 97 Civ. 2715, 1997 U.S. Dist. LEXIS 11866, at *17 (N. D. Ill. Aug. 11, 1997)). Courts generally "place the most emphasis on the last of the four

3

factors: the approximate loss suffered by the movant." City of Monroe Employees' Ret. Sys. v. Hartford Fin. Servs. Grp., 269 F.R.D. 291, 294 (S.D.N.Y. 2010). Dr. and Mrs. Alderson have asserted the largest individual loss of $210,500.28 and, therefore, have the greatest financial interest.[2]

5.  Dr. and Mrs. Alderson also meet the requirements under Rule 23(a) of the Federal Rules of Civil Procedure which state that "[o]ne or more members of a class may sue or be sued as representative parties on behalf of all members only if: (1) the class is so numerous that joinder of all members is impracticable; (2) there are questions of law or fact common to the class; (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class; and (4) the representative parties will fairly and adequately protect the interests of the class." Fed. R. Civ. P. 23(a). All parties agree that joinder of all members of the class would be impractical. (See e.g. Davison Compliant at 19.) And, as noted, the two Complaints involve common (identical) questions of law or fact. (Davison Complaint; Bartlett Complaint); see also Fed. R. Civ. P. 23(a).

The "typicality" and "adequacy" requirements are the "most relevant [factors] to the appointment of a lead plaintiff" under the PSLRA. In re CMED Sec. Litig., 2012 U.S. Dist. LEXIS 47785 at *12. Typicality exists if each class member's claim arises from the same course of events and each class member makes similar legal arguments to prove the defendants' liability, even if some minor variations exist in the factual allegations asserted by different class members. Sczesny Trust v. KPMG LLP, 223 F.R.D. 319, 324 (S.D.N.Y.

---

[2] The next largest individual loss claimed is Marc Naddell's asserted loss of $129,326.51. (Ventrus Grp. Application, Ex. at 3.) The accuracy of Naddell's loss is contested by the Aldersons who assert that his loss calculation "includes losses from sales within the Class Period before any alleged disclosures impacted the price of the stock" and also "includes trades with prices outside the daily trading range." (Alderson Opp'n at 6.)

4

2004). Under this test, the Alderson claim appears to be typical and is "identical, non-competing, and non-conflicting with the claims of the other Class Members." (Alderson Application at 9; see also In re Oxford Health Plans, Inc. Sec. Litig., 182 F.R.D. 42, 49 (S.D.N.Y. 1998)).

Factors used to determine adequacy are "(1) the size, available resources and experience of the proposed lead plaintiff; (2) the qualifications of the proposed class counsel; and (3) any potential conflicts or antagonism rising among purported class members." Malasky v. IAC/InteractiveCorp, No. 04 Civ. 7447, 2004 U.S. Dist. LEXIS 25832, at *12 (S.D.N.Y. Dec. 21, 2004). Under this test, the Aldersons meet the adequacy requirement. The interests of the Aldersons appear to be aligned with the other members of the class, the proposed lead counsel appears to be qualified, experienced, and able to conduct this complex litigation in a professional manner, and "there is no evidence of any antagonism between the Aldersons' interests and those of the other members of the class." (Alderson Application at 10; see also In re Deutsche Telekom AG Sec. Litig., 229 F. Supp. 2d 277, 282 (S.D.N.Y. 2002); Sczesny Trust, 223 F.R.D. at 324).

6. The Court appoints Kahn, Swick, and Foti, LLC as sole lead counsel. See 15 U.S.C. § 78u-4(a)(3)(B)(v). "There is a strong presumption in favor of approving a properly selected lead plaintiff's decision as to counsel selection and counsel retention." Varghese v. China Shenghou Pharm. Holdings, Inc., 589 F. Supp. 2d 388, 398 (S.D.N.Y. 2008). Indeed, there have been no objections to the appointment of Kahn, Swick, and Foti LLC, which is a law firm with offices in Louisiana and New York that "focuses predominately on class actions, in the areas of securities and consumer fraud, and on shareholder derivative and other complex litigation." (Alderson Application Ex. at D.)

7.  The Court believes respectfully that having the Aldersons as lead plaintiff is preferable to the Ventrus Group. For one thing, an individual or a small group (generally with five or fewer members) is desirable especially where, as here, the group does not include the individual with the largest loss. See Beckman v. Ener1, Inc., No. 11 Civ. 5794, 2012 U.S. Dist. LEXIS 19972, at *12 (S.D.N.Y. Feb. 15, 2012) (Court will disaggregate the "[g]roup and consider [the individual members] as individual contenders for the lead plaintiff"... "the [married couple] suffered greater losses than any other contender" and they, therefore, had "the largest financial interest in the class action litigation, and thus, [should be] the presumptive lead plaintiff[s]"); In re Cendant Corp. Litig., 264 F. 3d 201, 267 (3d Cir. 2001) ("[G]roups with more than five members are too large to work effectively.") And, the members of the Ventrus Group do not appear to have any pre-litigation relationship or identifiable cohesiveness "aside from their alleged (combined) loss and shared counsel." (Alderson Application at 5; see also Goldberger v. PXRE Grp., Ltd., 2007 U.S. Dist. LEXIS 23925, *1,*14 (S.D.N.Y. 2007) (where "the group as a whole shares only this lawsuit in common" and the court chose as lead plaintiff an individual with "a far greater financial interest in this case than any individual member" of the group); Pipefitters Local No. 636 Defined Benefit Plan v. Bank of Am. Corp., 275 F.R.D. 187, 191 (S.D.N.Y. 2011); In re CMED Sec. Litig., 2012 U.S. Dist. LEXIS 47785, at *9.)

**Conclusion & Order**

For the forgoing reasons, the Davison Complaint (13 Civ. 3119) and the Bartlett Complaint (13 Civ. 3429) are hereby consolidated; Dr. and Mrs. Alderson are appointed Lead Plaintiff; and Kahn, Swick, & Foti, LLC are appointed sole Lead Counsel.

The parties are directed to appear for a settlement/status conference before the Court on September 23, 2013 at 10:00 A.M. in Courtroom 12D of the Daniel Patrick Moynihan Courthouse, 500 Pearl Street, New York, New York. **The Court directs the parties to engage in good faith settlement negotiations prior to the conference with the Court.**

Dated: New York, New York
       July 23, 2013

*RMB*
**RICHARD M. BERMAN, U.S.D.J.**