# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF CONNECTICUT

| | |
|---|---|
| IN RE WORLD WRESTLING ENTERTAINMENT, INC. SECURITIES LITIGATION | Civil No. 14c1070 (AWT) |

## DEFENDANTS' SUPPLEMENTAL MEMORANDUM ADDRESSING THE SECOND CIRCUIT'S DECISION IN *IN RE SANOFI SECURITIES LITIGATION*

Jerry S. McDevitt (*pro hac vice*)  
K&L Gates LLP  
210 Sixth Avenue  
Pittsburgh, PA 15222-2613  
Telephone:  412 355-8608  
Facsimile:   412 355-6501  
E-mail:  jerry.mcdevitt@klgates.com  

Jon Eisenberg (*pro hac vice*)  
K&L Gates LLP  
1600 K Street, N.W.  
Washington, D.C. 20006  
Telephone: 202 778-9348  
Facsimile:  202 778-9100  
E-mail:  jon.eisenberg@klgates.com  

Jeffrey P. Mueller (ct27870)  
Jonathan B. Tropp (ct11295)  
Erick M. Sandler (ct25029)  
Day Pitney LLP  
242 Trumbull Street  
Hartford, CT 06103  
Telephone: 860-275-0100  
Facsimile: 860-275-0343  
Email: jmueller@daypitney.com  
Email: jbtropp@daypitney.com  
Email: emsandler@daypitney.com  

Attorneys  for World Wrestling Entertainment, Inc., Vincent K. McMahon, George A. Barrios, Michelle D. Wilson, and Stephanie McMahon Levesque

On March 4, the Second Circuit, in *In re Sanofi Sec. Litig., AG Funds, L.P. v. Sanofi* ("*Sanofi*"), affirmed the dismissal of a complaint alleging that the failure to disclose facts that cut against the defendants' optimistic opinions rendered the opinions misleading under Sections 11 and 12 of the Securities Act and Section 10(b) of the Securities Exchange Act.  By order dated March 5, 2016, this Court permitted the parties to file supplemental briefs addressing *Sanofi* by March 14.  For the reasons discussed below, *Sanofi's* affirmance of the district court's dismissal confirms that the consolidated amended complaint in this case should be dismissed as well.

## I.   The Second Circuit's *Sanofi* Opinion

In *Sanofi*, plaintiffs alleged that it was misleading for defendants to express optimistic opinions about the likelihood that the FDA would approve Lemtrada, a drug undergoing clinical trials, without also disclosing that the FDA had repeatedly expressed reservations to Sanofi and the company from whom it acquired the rights to Lemtrada about the effectiveness of its use of single-blind rather than double-blind clinical trials.[1] For example, without disclosing the FDA's concerns, defendants stated that

1. they were "very satisfied with where the progress is going,"
2. the test results "underscore[d] the tremendous promise" that the drug held,
3. the results had shown that the drug demonstrated a "strong and robust treatment effect,"
4. the results were "nothing short of stunning," and

---

[1] In a single-blind trial, *either* the patient or researcher does not know which drug is being used.  In a double-blind trial, neither the patient nor the researcher knows which drug has been administered.

1

    5. the company expected the FDA to approve the drug prior to March 31, 2014.

The complaint alleged that in contrast to defendants' unqualified optimistic opinions,

1. in 2002 the FDA had advised the predecessor company that the use of single-blind studies for the drug would "not provide substantial support" for a license application,
2. in 2004 the FDA stated that because of study design issues, the clinical trial "is unlikely to provide substantial support" and that the clinical trial "will not be a pivotal study to support a license application,"
3. in 2006 the FDA stated that the a single-blinded study might be adequate "if the effect is large" but that it would "prefer double-blinded, controlled studies, especially for pivotal studies,"
4. in 2007 the FDA "strongly recommend[ed]" that the company "use a double-dummy placebo control in your pivotal trials,"
5. in 2010 the FDA stated that it was "concerned by the potential bias introduced by the absence of blinding of patients," and that "the bias introduced by unblinding physicians and patients remains a significant problem which will cause serious difficulties in interpreting the results of the trial," and
6. in 2011, the FDA reiterated that "the lack of double-blinding has consistently concerned us. The lack of blinding remains a major concern."

In what the Second Circuit described as a "thorough and thoughtful opinion," (slip op. 14), the district court held that 1) the statements were not misleading under the standard set forth in *Fait v. Regionals Financial Corp.*, 655 F.3d 105 (2d Cir. 2011) (87

2

F. Supp. 3d 510, 531-33, 537-47),  2) with respect to the claims under Section 10(b), plaintiffs also had failed to adequately allege scienter (*id.* at 545), and 3) even apart from the first two deficiencies in plaintiffs' complaint, defendant's forward-looking statements were protected by the safe harbors for forward-looking statements in the Private Securities Litigation Reform Act ("PSLRA").  (*id.* at 535-36).  The Second Circuit stated that it saw "no reason to disturb the conclusions of the district court," but that it was writing to address the effect of the Supreme Court's decision in *Omnicare, Inc. v. Laborers District Council Construction Industry Pension Fund,* 135 S.Ct. 1318 (2015), which was issued after the district court's decision.

In affirming the district court's dismissal of the complaint, the Second Circuit acknowledged that the Supreme Court's decision in *Omnicare* "altered the standard announced by this Court in *Fait*...." (slip op. at 17).  In *Fait*, involving claims under Sections 11 and 12 of the Securities Act, neither of which requires scienter, the Second Circuit held that when a plaintiff asserts a claim based upon a belief or opinion alleged to have been communicated, liability arises only to the extent the opinion "was both objectively false and disbelieved by the defendant at the time it was expressed."  655 F.3d at 110, slip op at 17.  In contrast, *Omnicare*, which also involved claims under Sections 11 and 12 of the Securities Act, held that even sincerely held beliefs may be actionable "if the speaker omits information whose omission makes the statement misleading to a reasonable investor."  135 S.Ct at 1332, slip op. at 17.  Thus, with regard to the requirement that an opinion be misleading to be potentially actionable, *Omnicare* expanded the focus from whether an opinion was sincerely held at the time it was expressed to whether omissions rendered the opinion misleading to a reasonable

3

investor. In holding that plaintiffs' allegations, even if true, failed to show that the opinions were misleading under *Omnicare*, the Second Circuit in *Sanofi* made clear that the opening provided by the omissions prong in *Omnicare* was narrow, that meeting the *Omnicare* standard was "no small task for an investor," (slip op. at 17, quoting *Omnicare* at 135 S.Ct. 1332), and that under *Omnicare* opinions are not misleading absent facts showing that defendants had not engaged in any meaningful inquiry.

As relevant here, the Second Circuit, quoting *Omnicare*, stated that a statement of opinion is not necessarily misleading merely because "an issuer knows, but fails to disclose, some fact cutting the other way." Indeed, the Second Circuit cited this observation five times in its opinion. (slip op. at 18, 21, 25). Applying the *Omnicare* omission standard to plaintiffs' claim that defendants should have disclosed the FDA's concerns about using only single-blind studies, the Second Circuit stated:

> Defendants need not have disclosed the FDA feedback merely because it tended to cut against their projections—Plaintiffs were not entitled to so much information as might have been desired to make their own determination about the likelihood of FDA approval by a particular date. Certainly, Plaintiffs would have been interested in knowing about FDA feedback, and perhaps would have acted otherwise had the feedback been disclosed, but *Omnicare* does not impose liability merely because an issuer failed to disclose information that ran counter to an opinion expressed in the registration statement.

Further,

> Defendants' statements about the effectiveness of Lemtrada cannot be misleading merely because the FDA disagreed with the conclusion—*so long as Defendants conducted a "meaningful" inquiry and in fact held that view, the statements did not mislead in a manner that is actionable*. (emphasis added).

4

The Second Circuit stated that the existence of information that ran counter to defendants' opinions "did not prevent Defendants from expressing optimism, even exceptional optimism, about the likelihood of drug approval." (slip op. at 20).

The court of appeals also stated that reasonable investors 1) "understand that opinions sometimes rest on a weighing of competing facts" (135 S.Ct at 1329, slip op. at 18);  2) do "not expect that every fact known to an issuer supports its opinion statement" (id); and 3) read opinions "in light of [their] surrounding text, including hedges, disclaimers, and apparently conflicting information" (135 S.Ct. at 1330, slip op. at 18). The court stated that plaintiffs' insistence that it was misleading to fail to disclose the FDA's concerns amounted to "little more than a dispute about the proper interpretation of data" (slip op. at 24) and that such a dispute did not make the opinions misleading.

After *Sanofi*, it is clear that even in the absence of a scienter requirement and the PSLRA safe harbors for forward-looking statements, an opinion is not misleading merely because 1) defendants omitted facts that run counter to the opinion, 2) reasonable investors would have liked to know those facts, 3) those facts might have changed their investment decisions, or 4) the omitted facts show that reasonable persons might dispute the opinions expressed.  Rather, under *Sanofi* only if the facts pled show that the defendants conducted no meaningful inquiry at all has plaintiff potentially alleged an opinion is misleading.[2]

---

[2] Even before *Sanofi,* many courts dismissed false opinion claims under *Omnicare. See, e.g., Vallabhaneni v. Endocyte, Inc.,* Fed. Sec. L. Rep. (CCH) ¶ 98,888 (S.D. Ind. Jan. 4, 2016) (dismissing claims regarding optimistic opinions regarding the results of certain drug trials); *In re Velti PLC Sec. Litig.*, 2015 U.S. Dist. LEXIS 135004 (N.D. Cal. Oct. 1, 2015) (dismissing claims regarding the adequacy of bad debt reserves and the collectability of receivables); *In re Fairway Group Holdings Corp. Sec. Litig.,* Fed. Sec. L. Rep. (CCH) (S.D.N.Y. Aug. 19, 2015) (Recommended Decision of Magistrate Judge Peck) (recommending dismissal of claims based on the company's opinion that its "strong infrastructure and other characteristics" positioned it to "grow substantially by opening new

## II. The Continuing Importance of the Scienter Requirement, the Safe Harbors for Forward-Looking Statements, and Other Independent Bases for Dismissal

*Sanofi* addressed only one element necessary to show a securities violation—whether the opinion is misleading. Nothing in *Sanofi* alters the scienter requirement in Section 10(b), which the Supreme Court has held requires particularized facts creating an inference of scienter "that must be cogent and at least as compelling as any opposing inference of non-fraudulent intent."[3] Indeed, the U.S. District Court for the Southern District of New York recently stated:

> [I]nsofar as *Omnicare* supplants *Fait*, the distinction between the two standards may be less salient in § 10(b) cases, because in those cases—as opposed to § 11 cases – Plaintiffs must allege scienter. Because pleading scienter requires plaintiffs to address a defendant's state of mind, eliminating the subjective prong of *Fait* may have less impact on analysis of whether a § 10(b) claim survives a motion to dismiss.

*Menaldi v. Och-Ziff Capital Management Group LLC*, 2016 U.S. Dist. LEXIS 19083 at fn 8 (S.D.N.Y. Feb. 17, 2016). In *Sanofi* itself, the district court dismissed the complaint not only because the complaint failed to show that the opinion was misleading, but also because plaintiffs had failed to adequately plead scienter. The court of appeals acknowledged that (slip op. at 15), and also stated that it agreed with the district court's reasoning and holding. (slip op. at 5).

In the context of a Section 10(b) claim based on allegedly misleading opinions, *Sanofi* and *Omnicare* would not appear to have any outcome-related effect on *Fait*

---

stores at a rapid clip"); *SEPTA v. Orrstown Fin. Servs., Inc.*, Fed. Sec. L. Rep. (CCH) ¶ 98,550 (M.D. Pa. June 22, 2015) (dismissing claims based on the statement, "In our opinion, the financial statements referred to above present fairly, in all material respects, the financial position" of the company).

[3] *Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 324 (2007). Defendants address the scienter requirement at pages 46-52 of their March 19, 2015 Memorandum in Support of the Motion to Dismiss the Consolidated Amended Complaint and at pages 9-20 of their June 1, 2015 Reply Memorandum in Support of the Motion to Dismiss the Consolidated Amended Complaint.

6

because a defendant who believes his opinion, and thus who could not be liable under *Fait,* also could not have a state of mind approximating actual intent to defraud, and thus could not have acted with scienter. The Supreme Court has defined scienter as "a mental state embracing intent to deceive, manipulate, or defraud." *Ernst & Ernst v. Hochfelder*, 425 U.S. 185, 193 n. 12 (1976). The Second Circuit has held that recklessness may satisfy the scienter requirement in some cases, but it must be "conscious recklessness"—"a state of mind *approximating actual intent,* and *not merely a heightened form of negligence."* *S. Cherry St., LLC v. Hessessee Grp., Ltd.*, 573 F.3d 98, 109 (2d Cir. 2009) (emphasis in original). Under Section 10(b), an opinion that fails *Fait* must also be dismissed for failure to adequately allege scienter.

      Likewise, nothing in *Sanofi* (or *Omnicare)* alters the subjective-disbelief requirements in the safe harbors for forward-looking statements, which are set forth in the PSLRA, 15 U.S.C. § 78u-5 and require dismissal if *either* the forward-looking statements are accompanied by meaningful cautionary language *or* the defendant made the statements without actual knowledge that they were false or misleading.[4] As noted by the Second Circuit, the district court in *Sanofi* also dismissed based on the safe harbors for forward-looking statements (slip op at 15), and the Second Circuit also found no reason to depart from that part of the district court's opinion. Any forward-looking opinion that was sincerely believed would not be actionable under *Fait* and would also not be actionable under the safe harbor for forward-looking statements. Indeed, post-*Omnicare* claims based on forward-looking opinions have repeatedly been dismissed under the safe harbors either because the plaintiffs failed to show that

---

[4] Defendants address the safe harbors for forward-looking statements at pages 54-61 of their March 19, 2015 Memorandum in Support of the Motion to Dismiss the Consolidated Amended Complaint and at page 23 of their June 1, 2015 Reply Memorandum in Support of the Motion to Dismiss the Consolidated Amended Complaint.

7

defendants knew their opinions were false or because they were accompanied by meaningful cautionary language. [5]

Similarly, *Sanofi* has no effect on the absence of loss causation, which provides yet another basis for dismissal.[6]

### III.   The Application of *Sanofi* to Prior Positions Taken by the Parties

Defendants' motion to dismiss and accompanying memorandum were filed before *Omnicare* was decided and thus *Omnicare* was first addressed in plaintiffs' opposition and next in defendants' reply memorandum.  In their opposition, plaintiffs stated that under *Omnicare* opinions are actionable if defendants had "no reasonable basis for such opinions" (Opp. at 3, 9, 12), and that "defendants failed to disclose facts undercutting those opinions rendering such opinions unreasonable." (Opp. 13).   Such reasoning clearly fails under *Sanofi,* which, as noted above, states no less than five times that the failure to disclose facts undercutting an opinion does not render the opinion misleading or otherwise actionable.

---

[5] See, e.g., *Vallabhaneni v. Endocyte, Inc*., Fed. Sec. L. Rep. (CCH) ¶ 98,888 (S.D. Ind. Jan. 4, 2016) (statement regarding conditional marketing authorization from the European Marketing Agency "is not only an inactionable opinion but is also subject to the safe harbor provision"); *In re Fairway Group Holdings Corp. Sec. Litig*. Fed. Sec. L. Rep. (CCH) ¶ 98,606 (S.D.N.Y. Aug. 19, 2015) (Recommended Decision of Magistrate Judge Peck) ("the forward looking statements are accompanied by meaningful cautionary language set out in the same communication, and thus are protected by the bespeaks caution doctrine and the PSLRA safe harbor"); *In re Hertz Global Holdings, Inc. Sec. Litig*., ,2015 U.S. Dist. LEXIS 95,569 (D.N.J. July 22, 2015) (earnings guidance opinions were "protected by the PSLRA's safe harbor for two reasons: (1) they were accompanied by meaningful cautionary language and (2) Plaintiff's allegations fail to give rise to a reasonable inference that [the defendants] reaffirmed the guidance with actual knowledge of its falsity"); *SEPTA v. Orrstown Fin. Services, Inc.*, Fed. Sec. L. Rep. (CCH) ¶ 98,550 (M.D. Pa. June 22, 2015) (opinion that "we believe we have the resources and internal systems in place to successfully achieve and manage our future growth" was protected by the safe harbor for forward-looking statements).

[6] See pp. 52-54 of Defendants' March 19, 2015 Memorandum  in Support of the Motion to Dismiss the Consolidated Amended Complaint and pp. 21-23 of Defendants' June 1, 2015 Reply Memorandum in Support of the Motion to Dismiss the Consolidated Amended Complaint.

8

Indeed, after *Sanofi*, plaintiffs' allegations that, for example, WWE is "not the PGA, NFL, or MLB," or that it is "not NASCAR," or that the average annual income of its fan base is below a certain level are irrelevant.  Assuming those allegations to be true, nothing about them "prevent[s] Defendants from expressing optimism, even exceptional optimism," about the company's future prospects.  As in *Sanofi*, reasonable investors know that statements of optimism do not mean every fact that exists points in exactly the same direction, and that is particularly true where, as here, the statements of optimism were accompanied by extensive "hedges" and "disclaimers" making clear that the future might turn out differently than anticipated.

In Defendants' Reply Memorandum, defendants stated that *Omnicare* stated that a defendant could avoid opinion liability by "making clear the real tentativeness of its belief," (Reply Mem. at 8), and cited repeated instances in which defendants had done exactly that.  (Reply Mem. at 8-9).  *Sanofi* is entirely consistent with dismissal on these grounds.

Defendants also stated that even under a strict liability statute that applies to registration statements and carries with it substantial due diligence obligations, unlike Section 10(b), *Omnicare* indicated a statement of opinion could be misleading "if defendants did not have a reasonable basis for the statements."  (Reply Mem. at 7).  *Sanofi,* however, now interprets *Omnicare* more narrowly, stating that even under Sections 11 and 12, the issue of whether an opinion is misleading turns on whether the facts pled show defendant conducted "no meaningful inquiry."  Thus, plaintiffs' contention that the failure to disclose facts undercutting defendants' opinion renders

9

the opinions misleading clearly fails under *Sanofi* (and *Omnicare*). Indeed, that is the central holding of *Sanofi*.

It is also clear under *Sanofi* that *Omnicare* had no effect at all on the scienter requirement under Section 10(b), the PSLRA safe harbors for forward-looking statements, and the requirement that a plaintiff plead non-conclusory facts showing loss causation. Thus, all of the arguments previously set forth by the defendants with respect to why the complaint 1) fails to adequately plead scienter, 2) is defeated by the PSLRA safe harbors for forward-looking statements, and 3) fails to show loss causation are confirmed by *Sanofi*. All of these have been fully briefed and thus we do not repeat those arguments here.

## CONCLUSION

Plaintiffs' argument that the alleged failure to disclose facts undercutting defendants' opinions renders those opinions misleading is squarely rejected by *Sanofi*. *Sanofi* also leaves intact the statement in *Omnicare* that statements that make clear the tentativeness of an opinion—of which there were extensive such qualifying statements here—defeat an allegation that an opinion is misleading. Beyond that, *Sanofi* also leaves intact multiple independent grounds for dismissal, including 1) the failure to adequately plead scienter, 2) the protection provided by the PSLRA safe harbors for forward-looking statements, and the 3) absence of loss causation. Thus, for the reasons set forth in defendants' Memorandum in Support of Its Motion to Dismiss and in defendants' Reply Memorandum, and for the reasons that led the Second Circuit to affirm the dismissal of the complaint in *Sanofi*, we respectfully submit that the Consolidated Amended Complaint should be dismissed.

Dated:  March 14, 2016

                    Respectfully submitted,

                    */s/ Jerry S. McDevitt*
                    Jerry S. McDevitt (*pro hac vice*)
                    K&L Gates LLP
                    210 Sixth Avenue
                    Pittsburgh, PA 15222-2613
                    Telephone: 412 355-8608
                    Facsimile:  412 355-6501
                    E-mail:  jerry.mcdevitt@klgates.com

                    Jon Eisenberg (*pro hac vice*)
                    K&L Gates LLP
                    1600 K Street, N.W.
                    Washington, D.C. 20006
                    Telephone: 202 778-9348
                    Facsimile: 202 778-9100
                    E-mail: jon.eisenberg@klgates.com

                    Jeffrey P. Mueller (ct27870)
                    Jonathan B. Tropp (ct11295)
                    Erick M. Sandler (ct25029)
                    Day Pitney LLP
                    242 Trumbull Street
                    Hartford, CT 06103
                    Telephone: 860-275-0100
                    Facsimile: 860-275-0343
                    Email: jmueller@daypitney.com
                    Email: jbtropp@daypitney.com
                    Email: emsandler@daypitney.com

                Attorneys for World Wrestling Entertainment, Inc.,
                Vincent K. McMahon, George A. Barrios, Michelle
                D. Wilson, and Stephanie McMahon Levesque

## CERTIFICATION OF SERVICE

      I hereby certify that on March 14, 2016, a copy of foregoing was filed electronically and served by mail on anyone unable to accept electronic filing. Notice of this filing will be sent by e-mail to all parties by operation of the Court's electronic filing system or by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing. Parties may access this filing through the Court's CM/ECF System.

                                                          */s/ Jeffrey P. Mueller*
                                                         Jeffrey P. Mueller (ct27870)